**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**May 26, 2020**

# In the Court of Appeals of Georgia

A20A0621. HAYES v. THE STATE.

HODGES, Judge.

Thomas Edgar Hayes appeals from the denial of his motion to seal arrest records and related records in the possession of the Clerk of the Superior Court of Paulding County, the Paulding County Sheriff's Department, and the Georgia State Patrol. Hayes contends that the trial court erred in denying his motion by finding that the harm to his privacy did not outweigh public interest in the records. For the reasons that follow, we affirm.

Hayes, a major with the Cobb County Police Department, avers that he was indicted in 2017 for two counts of homicide by vehicle in the second degree, speeding in a construction zone, and driving too fast for conditions. After the State determined that it could not prove that Hayes' speeding caused the death of the victim, who had

run a stop sign, the trial court apparently entered an order of nolle prosequi on the original indictment. In 2019, Hayes was charged under a new accusation with an amended charge of speeding in a construction zone, for driving 41 miles-per-hour in a 35 miles-per-hour zone. Hayes entered a negotiated guilty plea and was sentenced to, among other things, a fine as a term of probation, and fees, together totaling $1,315, which it is undisputed that he paid. The trial court granted Hayes' consent motion to have his sentence modified and entered under the First Offender Act. Hayes then moved to seal the record, as outlined above. Following a brief hearing, the trial court denied the motion and Hayes appealed.

In a single enumeration, Hayes contends that the trial court erred in denying his motion to seal the records by finding that his privacy does not outweigh the public interest. We find no error.

As Hayes points out, when a court accepts a plea under the First Offender Act, the defendant is exonerated of guilt and discharged as a matter of law once the terms of the sentence are complete. OCGA § 42-8-60 (e) (1). The trial court then must limit access to certain information, as provided in OCGA § 42-8-62.1 (d) - (f), but *only* if it finds *by a preponderance of the evidence* that the harm to the defendant's privacy

2

outweighs the public interest in the information. OCGA § 42-8-62.1 (d). In denying

Hayes' motion, the trial court found that it

> recognize[d] the reasonable public interest in this case and will not block media or public access to the file. The [c]ourt does *not* find by a preponderance of the evidence that the harm otherwise resulting to the privacy of the [d]efendant outweighs the public interests in the criminal history record information being publicly available.

On appeal, Hayes contends that the trial court erred in confusing media interest in his records with public interest. This argument does not succeed.[1] At the hearing, the State indicated it had received two Open Records Act requests. Although the trial court's order states that these were media requests, nothing in the record reveals the identity of the requester(s). Further, the trial court's order by its plain language, as quoted above, clearly states that because it found "*reasonable public interest*" in the records, it "*will not block* media or *public access*[.]" (Emphasis supplied.)

Hayes also argues, correctly, that beyond stating that it had received two Open Records Act requests, the State argued only that the motion to seal was untimely under OCGA § 42-8-62.1 (b) (1). Once Hayes countered that he had filed his motion

---

[1] Hayes does not explain how media interest might differ from public interest; obviously, the media's role is to inform the public.

under a different portion of the statute, see OCGA § 42-8-62.1 (c) and (d),[2] the State

did not pursue this argument. The trial court did not rule upon it. The State does not

raise this on appeal, so we do not address it further.

OCGA § 42-8-62.1 (c) provides, in pertinent part, that

An individual who has been exonerated of guilt and discharged pursuant to this article . . . may petition the court that granted such discharge for an order to seal and make unavailable to the public the criminal file, docket books, criminal minutes, final record, all other records of the court, and the defendant's criminal history record information in the custody of the clerk of court, including within any index.

OCGA § 42-8-62.1 (d) provides, in pertinent part, that following a petition

filed pursuant to OCGA § 42-8-62.1 (c), the trial court

shall order the criminal file, docket books, criminal minutes, final record, all other records of the court, and the defendant's criminal history record information in the custody of the clerk of court, including within any index, to be sealed and made unavailable to the public *if the court finds by a preponderance of the evidence* that: (1) An exoneration of guilt and discharge has been granted pursuant to this article; and (2) The harm otherwise resulting to the privacy of the individual outweighs

---

[2] See generally *Austin v. State*, 343 Ga. App. 118, 123, n. 5 (807 SE2d 1) (2017) (discussing the difference between OCGA § 42-8-62.1 (b) and (d)).

4

the public interest in the criminal history record information being publicly available. (Emphasis supplied).

Hayes contends that, given the dearth of argument on the State's part, the trial court failed to correctly weigh any public interest versus harm to Hayes. In the trial court, however, Hayes presented no argument as to how he would be harmed. At the hearing, he contended only that the misdemeanor speeding arrest he seeks to seal "doesn't appear to [present] any general interest as to why that's so overwhelming or necessary that the public needs to keep an interest in that." Likewise, in his motion to seal, he contended only that his "privacy clearly outweighs the public interest in Defendant's criminal history record information being publicly available[.]"

> The "preponderance of the evidence" standard which applied to the lower court's determination means that superior weight of evidence upon the issues involved, which, while not enough to free the mind wholly from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other. The standard requires only that the finder of fact be inclined by the evidence toward one side or the other.

(Citation and punctuation omitted.) *Austin*, 343 Ga. App. at 122. In our view, there is little evidence on either side. However, this Court is not a finder of fact. "As to the sufficiency of the evidence, this is a court for the correction of errors, and ordinarily

5

it is within this Court's purview to review such a determination for legal error once made by the trial court, not to make the determination in the first place." (Citations omitted.) *Doe v. State*, 347 Ga. App. 246, 256-257 (5) (819 SE2d 58) (2018). It is clear from the language of the trial court's order that it weighed the scant evidence presented – public interest exhibited in the form of two Open Records Act requests versus Hayes' very general statement that he would be harmed – and "[did] *not* find by a preponderance of the evidence that the harm otherwise resulting to the privacy of the Defendant outweighs the public interests in the criminal history record being publicly available." (Emphasis in original.) OCGA § 42-8-62.1 (d) makes clear that the discretion required to weigh whatever evidence has been presented rests squarely with the trial court. See *Austin*, 343 Ga. App. at 122. See generally *Doe v. State*, No. A19A2378, 2020 Ga. App. LEXIS 174, at *3 (1) (March 11, 2020) (finding no abuse of discretion where trial court denied motion to seal records under OCGA § 35-3-37 (m) where arrestee who had been acquitted alleged, without detail or supporting documents, that he had been denied employment because of arrest records). We find no error.

*Judgment affirmed. McFadden, C. J., and Doyle, P. J., concur.*